UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CARLTON W. WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 08-287-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| D.L. STINE, *Warden*, | ) | **& ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Carlton W. Wallace is confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. Wallace has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has paid the $5.00 filing fee [Record No. 2]. The named respondent is D.L. Stine, the former Warden of USP-McCreary.[1] In his petition, Wallace alleges that the Bureau of Prisons ("BOP") has refused to apply all proper pre-sentence credits to his current federal sentence, and that this denial violates his right to due process of law guaranteed by the Fifth Amendment to the United States Constitution. Specifically, Wallace seeks credit for the time he served in the custody of Tennessee state officials for almost a year, between May 5, 2006 and April 27, 2007. In this § 2241 petition, Wallace asks the Court to Order the BOP to retroactively designate the Tennessee prison as his "place of

---

[1] The Court's most recent information is that Eric Wilson is the current Warden of USP-McCreary.

confinement" for service of his federal sentence between these dates.

The Court screens this petition under the authority of 28 U.S.C. § 2243 and *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970). A *pro se* petition is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Still, under 28 U.S.C. §1915(e)(2), a district court has authority to dismiss a case at any time if it determines the action is either frivolous or malicious, or fails to state a claim upon which relief can be granted. For the reasons discussed below, the Court will deny Wallace's § 2241 petition and dismiss this action with prejudice.

## I.

Both Wallace and the BOP Central Office offer essentially the same version of facts relevant to this action [*See* Petition, Record No. 3-2, p. 2 and Central Office denial of BP-11, Record No. 6-3, pp. 2-3]. On May 2, 2006, Wallace committed a robbery. On May 5, 2006, Wallace was arrested by state authorities in Knox County, Tennessee, for the state offenses of Robbery, Aggravated Robbery, and Parole Violation. On May 23, 2006, an indictment was filed against Wallace in the United States District Court for the Eastern District of Tennessee at Knoxville ("the Sentencing Court"). *See United States America v. Carlton Wayne Wallace*, 3:06-CR-00057-1. Wallace was charged with Interference with Commerce by Threats or Violence and Bank Robbery. Although the state charges of Robbery and Aggravated Robbery were dismissed on July 17, 2006, Wallace remained in state custody for violating the conditions of his parole supervision.

2

On July 21, 2006, the Sentencing Court issued a *Writ of Habeas Corpus ad Prosequendum* to ensure Wallace's appearance at his arraignment [*See* Sentencing Court Docket Sheet for 7/21/06]. On August 7, 2006, Wallace was transferred to federal custody pursuant to the *Writ of Habeas Corpus Ad Prosequendum*. Wallace remained in federal custody pursuant to that Writ until January 22, 2007, when the Sentencing Court sentenced him to a 90-month term of imprisonment [*See Id.*, Record No. 22 (Criminal Judgment)]. On February 7, 2007, the *Writ of Habeas Corpus ad Prosequendum* was returned as "Fully Executed" and was filed as such in the Sentencing Court record [*See Id.*, Record No. 23].

Subsequent to the imposition of Wallace's federal sentence, he was returned to the custody of state authorities. On April 5, 2007, the State of Tennessee revoked Wallace's state parole supervision. Wallace's state parole revocation term expired on April 27, 2007, and on that date he was released to the physical custody of federal authorities.

## II.

In his § 2241 petition, Wallace states that it was his impression that the Sentencing Court intended for his federal sentence to run concurrent with his previously imposed state sentence, "because Inmate's [Wallace's] state sentence was the result of the same conduct prosecuted in federal court." [*See* Petitioner's Memorandum, Record No. 3-2, p. 2]. Wallace argues that because the Sentencing Court obviously intended for his state and federal sentences to run concurrently, the BOP should afford retroactive, or *nunc pro tunc*, designation to his state sentence. Such action would effectively allow the two sentences to be served concurrently with each other. In support of his argument for retroactive designation, Wallace relies on *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). *Willis* holds that when non-federal and federal

3

sentences run concurrently, an inmate may receive credit for any time spent in non-federal presentence custody that occurs on or after the date of the federal offense, up to the date the first sentence (state or federal) commences.[2]

Harrell Watts, the Administrator of the National Office of Inmate Appeals, denied Wallace's BP-11 administrative appeal on October 17, 2008 [*See* Record No. 6-3, p. 2-3]. Watts rejected Wallace's request for retroactive, or *nunc pro tunc*, designation of the Tennessee prison as his "place of confinement" for service of his federal sentence between May 5, 2006 (date of arrest), and April 27, 2007 (date Wallace was turned over to federal authorities). Watts explained that, under 18 U.S.C. §3585(a), a sentence to a term of imprisonment begins on the date the defendant is received into official custody.[3] Wallace did not come into federal custody until April 27, 2007. Watts also noted that 18 U.S.C. § 3585(b) prevents the BOP from awarding credit on a federal sentence where the prisoner has already received credit for the same period of time on another sentence. Further, Watts determined that, considering Wallace's extensive criminal history in accordance with the factors set forth in 18 U.S.C. § 3621, a *nunc pro tunc* designation was not justified.

---

[2] Wallace has fully exhausted his claim through the BOP's administrative remedy process, 28 C.F.R. § 542.13-15 [*See* Record Nos. 3-2, p.4 and p.6; and, Record No. 6-3, pp. 2-3].

[3] *See* 18 U.S.C. §3585(a) **Commencement of sentence**.--

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

4

Additionally, in his response, Watts explained that 18 U.S.C. § 3584(a) controls in a situation where a federal judgment is silent on whether a sentence should run consecutive to or concurrent with any other sentence. Pursuant to 18 U.S.C. § 3584(a), "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Mr. Watts noted twice that the Sentencing Court failed to indicate that Wallace's federal sentence was to be served concurrent with his pending state parole revocation term. Mr. Watts further advised Wallace that in an effort to ascertain if retroactive designation was warranted in his case, the Sentencing Court was contacted for a statement concerning its position on the issue. Mr. Watts described the result of the inquiry as follows:

> The federal sentencing court has not expressed an opinion relative to a retroactive concurrent designation by the BOP. Based on the foregoing, we have determined that a concurrent designation is not appropriate in your case. Given that your federal and state sentences are not concurrent, Willis credits are not possible.

[Record No. 6-3, p. 3]. Mr. Watts concluded that because: (a) Wallace's January 22, 2007 criminal judgment was silent as to whether his federal sentence was to be run concurrently with the state sentence, and (b) the Sentencing Court failed to clarify that concurrent sentences were intended when given the subsequent opportunity to do so, Wallace was not entitled either to pre- or post-federal sentence credit under the *Willis* doctrine.

### III.

The BOP correctly concluded that Wallace is not entitled to additional credit toward his federal sentence for the period of time between May 5, 2006 and April 27, 2007. The BOP also correctly rejected Watt's alternative argument that he is entitled to partial credit for

5

time served between August 7, 2006, and February 2, 2007.

**A.**

The statute at issue in this case is 18 U.S.C. §3585(b), which provides as follows:

(b) *Credit for prior custody*.- -
A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*. (emphasis added). Under §3585(b), it is the Attorney General, through the BOP, who is authorized to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). In the same statute, however, Congress has specified that the credits are limited to time "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Wallace did not begin serving his federal sentence until April 27, 2007, the date on which he was received into federal custody after service of his state parole violation sentence concluded. Any time which Wallace served in custody between May 5, 2006 and April 27, 2007, would have been applied to his Tennessee parole violation sentence. Accordingly, it is time which has been credited against another sentence. Wallace is not entitled to dual credit on both his state and federal sentences. *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). If Wallace were

credited for this time against his federal sentence, he would be receiving improper double credit. *See* § 3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505.

As Watts noted in his response, Wallace was in the *primary* custody of the State of Tennessee between August 7, 2006 (date that the Writ of *Habeas Corpus ad Prosequendum* was issued by the Sentencing Court), and February 7, 2007 (date that the Writ was returned as "fully Executed" in the Sentencing Court). Petitioner Wallace was only "borrowed" by federal authorities while in their custody under the Writ. He remained in the primary custody of the Tennessee authorities between August 7, 2006, and February 7, 2007.

Time spent in the custody of the United States Marshal pursuant to a federal writ of *habeas corpus ad prosequendum* from state custody does not qualify as federal custody in connection with the federal offense. Thus, the time which the petitioner spent in state custody pursuant to this writ does not entitle him to credit on his current federal sentence. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. 2000) (Table, unpublished).

In *Huffman v. Perez*, Huffman alleged that he was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating as follows:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman* at 1359. Because Huffman received credit on his state sentence for the

7

period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit." *Huffman* at 1359 (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)). *See also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th Cir. February 20, 2003) (not selected for publication in the Federal Reporter) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. *See* 18 U.S.C. §3585(b). . . . If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit . . . .").[4]

Applying this rationale to Wallace, the State of Tennessee awarded him with credit for th time between May 5, 2006 and April 27, 2007. Petitioner Wallace is not entitled to receive this same credit toward his federal sentence.

---

[4]

*See also Easley v. Stepp*, 5 Fed. Appx. 541, 542, 2001 WL 252891 (7th Cir. 2001) (Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*; Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ; time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state until the sovereign state relinquishes jurisdiction over him); *Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. 2001) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.1999) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

**B.**

Title 18 U.S.C. § 3621(b) authorizes, but does not compel, the BOP to designate, on a retroactive, or *nunc pro tunc* basis, a state facility as the place of service of a federal sentence. The statute establishes the criteria which the BOP must consider in making this discretionary determination. Specifically, 18 U.S.C. § 3621(b) provides as follows:

> (b) **Place of imprisonment**.–The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>   (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The BOP's decision here did not constitute an abuse of its discretion under § 3621(b). Wallace's extensive criminal history includes adult criminal convictions for: (1) Simple Assault, (2) Purchase of Cocaine, (3) Driving on a Suspended License, (4) Domestic Assault, (5) Failure to Appear, (6) Worthless Check, (7) Theft of Property

Not Exceeding $500.00, (8) Burglary, (9) Robbery, and (10) Forgery. Watts also mentioned that Wallace violated institution rules and regulations by fighting with another person. Given Wallace's criminal history, the BOP clearly acted within its discretion when it concluded that the goals of the criminal justice system would not be furthered by rewarding Wallace with prior custody credit for time spent in state custody by way of a *nunc pro tunc* designation.

With respect to Factor (4) of § 3621, Watts twice noted that the Sentencing Court failed to indicate that Wallace's federal sentence was to be served concurrent with his pending state parole violation sentence. Watts explained that the Sentencing Court had been contacted and given an opportunity to elaborate as to whether Wallace's federal sentence was to run concurrent with his state sentence. According to Watts, the Sentencing Court declined to specify that Wallace's federal sentence was to run concurrent with his state sentence. The record lacks details concerning the method used to contact the Sentencing Court. However, there is no reason to dispute the BOP's assertion that the Sentencing Court declined to modify its January 22, 2007 Judgment by stating that the federal sentence was to run concurrent with the state sentence.

By January 22, 2007, the only state sentence which Wallace was serving was a parole violation offense. Contrary to Wallace's assertions, he was not serving a related state sentence for Robbery and Aggravated Robbery. The state charges for Robbery and Aggravated Robbery had already been dismissed six months earlier, on

10

July 17, 2006. Thus, Wallace incorrectly asserts that his state sentence "was the result of the same conduct prosecuted in federal court." [Record No. 3-2, p. 2].

The BOP properly denied Wallace federal sentence credits for any of the time he served in state custody between May 5, 2006, and April 27, 2007, and properly determined that the *Willis* doctrine afforded him no relief in the form of a *nunc pro tunc* designation. The BOP further considered the relevant factors under § 3621(b), and acted within its discretion in concluding that Petitioner Carlton Wallace was not a candidate for *nunc pro tunc* designation. For these reasons, the Court will deny Wallace's § 2241 petition for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(ii).

## IV.

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)  Petitioner Carlton W. Wallace's petition for a writ of habeas corpus [Record No. 2] is **DENIED**.

(2)  This action is **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Order in favor of D.L. Stine, the named respondent and former Warden of USP-McCreary, and Eric Wilson, the current Warden of USP-McCreary.

This the 9th day of July, 2009.



Signed By:

*Gregory F. Van Tatenhove*

United States District Judge